# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **THOMAS BLAKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-488-HE** |
| | ) | |
| **FEDERAL TRANSFER CENTER** | ) | |
| **WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Thomas Blake, appearing pro se, originally filed this action on February 13, 2014, in the United States District Court for the Western District of Louisiana, which transferred the action to this Court on May 9, 2013 (Doc. Nos. 1, 6).   United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636.   Having reviewed Mr. Blake's filings, the undersigned recommends that the action be dismissed.

### BACKGROUND

The assertions made by Mr. Blake in his initiating pleading generally relate to his detention.   First, Mr. Blake states that he is "being illegally detained" at the Federal Transfer Center in Oklahoma City, Oklahoma, asserting that he should have been released on August 14, 2013.   Pet. at 2, Doc. No. 1.   Mr. Blake seeks to confirm this release date with the United States District Court for the Western District of Louisiana. *Id.*   Mr. Blake then states that he is "illegally connected to a National Security Threat

Monitor," alleging that "[t]here are microchips on [his] brain and surgical cameras being moved throughout [his] body controlled by [Federal Medical Center] Butner[']s medical staff." *Id.* at 3 (capitalization altered). Mr. Blake asserts that these devices are causing him physical harm and requests their removal. *Id.* Mr. Blake then expresses his belief that a "'secret indictment'" is being sought against him in federal court in Oklahoma, and he "demand[s] that any and all [relevant] documents filed in [Oklahoma federal courts] be immediately delivered to [him]" and that an attorney be appointed to represent him. *See id.* at 3-6 (capitalization altered). Finally, Mr. Blake refers to a case he filed in the Northern District of West Virginia and seeks to establish his current pleading as a "continuation" of that case. *See id.* at 6-8. Specifically, Mr. Blake requests an "order of restraint" against the defendants named in that case as well as other individuals across multiple federal detention facilities who "are all acting in concert subjecting [him] to unwarranted abuse and constitutional violations," contending that a failure to issue such order "places [him] in further danger." *See id.* (capitalization altered).

## ANALYSIS

### A. *Mr. Blake's Claim of Illegal Detention*

As noted, Mr. Blake was in federal custody at the Federal Transfer Center in Oklahoma City, Oklahoma, when he filed this action. *See* Pet. at 2, 9. In asserting that his release date has passed and in seeking to confirm that date, Mr. Blake appears to challenge the execution of his sentence as opposed to the sentence's validity. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (comparing types of legal challenges to detention). Thus, Mr. Blake's pleading is construed, in part, as a petition

for a writ of habeas corpus under 28 U.S.C. § 2241. *See id.*; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (reiterating requirement that pro se litigant's pleadings be liberally construed).

According to a Federal Bureau of Prisons ("BOP") public website, Mr. Blake is no longer in the BOP's custody, and his release date is listed as "unknown." *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/inmateloc (last visited May 21, 2014) (searching BOP Reg. No. 24804-009). Further, although he has not filed a change of address, Mr. Blake's most recent filings in this case—two handwritten documents received on April 1, 2014—contain return addresses for two seemingly private residences in Little Rock, Arkansas.[1] *See* Letter, Doc. No. 3, at 4; Second Letter, Doc. No. 4, at 17. Finally, in a separate action filed in this Court under 28 U.S.C. § 2241, Mr. Blake contended, as he does here, that his release date had passed as of August 14, 2013. *See* Pet. at 4-5, *Blake v. Fed. Bureau of Prisons*, No. CIV-14-130-HE (W.D. Okla. filed Feb. 11, 2014), Doc. No. 1 ("*Blake I*").[2] Based on Mr. Blake's anticipated release from custody on March 28, 2014, Mr. Blake was ordered to show cause by April 11, 2014, as to why that action should not be dismissed as moot due to his release. *Blake I*, Order of

---

[1] Although Mr. Blake has not filed a change of address, the docket reflects that Mr. Blake's address was nevertheless updated to match the return address on his most recent filing, which is listed on the docket as "Second Letter" (Doc. No. 4).

[2] A copy of the petition filed in *Blake I* was also filed in the case now before the Court. *Compare* Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 2, *with* Pet., *Blake I*, Doc. No. 1. Both documents were mailed on the same day: February 10, 2014. In *Blake I*, Mr. Blake also filed a second handwritten copy of his petition, which was listed on the docket as an "amended" petition, but which does not differ substantively from the original petition in that case. *See Blake I*, Doc. No. 4.

Mar. 28, 2014, Doc. No. 10.  Mr. Blake did not respond to the Court's order, which was later returned to the Court as undeliverable, and the action was dismissed without prejudice on April 15, 2014.  *See Blake I*, Mail Returned, Doc. No. 12 (noting "Released 3-28-14" on return label); *Blake I*, Order of Apr. 15, 2014, Doc. No. 11.  To date, Mr. Blake has filed no further documents in that case.

Mr. Blake's apparent release from custody raises the issue of whether his action under § 2241 is moot—not because he is no longer "in custody" but because the Court is no longer presented with a live case or controversy, as required for subject matter jurisdiction.  *See Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2009) (noting "in custody" requirement of § 2241 met when petitioner was in custody upon filing); *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (noting mootness presents barrier to federal jurisdiction at all stages of proceedings).  That is, by being released from custody, Mr. Blake has received the relief he indirectly requested in his Petition seeking to confirm his allegedly unobserved release date.

To continue to present a live case or controversy under § 2241 after being released from custody, Mr. Blake must allege "collateral consequences of the conviction"—i.e., "some concrete and continuing injury."  *Lucero v. McKune*, 340 F. App'x 442, 443-44 (10th Cir. 2009) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) (alteration and internal quotation marks omitted).  Mr. Blake's filings, including the letters he appears to have mailed after his release, present no clear allegations regarding collateral consequences of his conviction.  *But cf. Spencer*, 523 U.S. at 9-12 (discussing presumption of collateral consequences such as civil disabilities when challenging underlying conviction).

Accordingly, to the extent Mr. Blake seeks relief under 28 U.S.C. § 2241, his action should be dismissed without prejudice as moot.[3]  *See Lucero*, 340 F. App'x at 444.

B.  *Mr. Blake's Claims of Illegal Surveillance*

As noted, Mr. Blake asserts that surveillance devices have been illegally implanted in his body, causing physical harm, and he requests removal of these devices.  *See* Pet. at 3.  In a separate filing, Mr. Blake provides additional details of this claim, asserting that the surveillance devices were implanted during medical procedures performed by BOP personnel in June 2013 and between January 3, 2014, and February 25, 2014.  *See* Second Letter at 1, 2, 3, 4, 5, 6, 7, 8, 9, 12.  Mr. Blake contends that "surgical cameras" implanted and remotely controlled by BOP personnel are used to intentionally cause heart failure.  *See* Pet. at 3; Second Letter at 2, 3; *see also* Second Letter at 6, 8 (describing secretly implanted "assassination devices" (capitalization altered)).  Mr. Blake further contends that "surgical cameras" have been "inserted into the retinas of [his] eyes[,] sending viewed data back into [a BOP-controlled] computer system."  Second Letter at 3 (capitalization altered); *see also id.* at 12 (alleging implantation of microchips used to receive "audio receptions" (capitalization altered)).  Finally, Mr. Blake contends that microchips have been placed on his brain.  Pet. at 3; Second Letter at 5, 8, 12.

---

[3] Mr. Blake was provided an opportunity in *Blake I* to show cause for why his claim on this issue should not be dismissed as moot.  Because, as detailed below, Mr. Blake has an opportunity to object to this Report and Recommendation, and thereby show cause for why the corresponding claim in this case should not be dismissed as moot, there is no compelling reason to provide him with a prior and separate deadline for that purpose.

These allegations appear to involve federal prison conditions—including Mr. Blake's medical treatment while incarcerated—and, at best, are liberally construed as either claims under the Federal Tort Claims Act or *Bivens* claims. *See* 28 U.S.C. § 2680(h); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391-97 (1971) (recognizing implied federal cause of action for Fourth Amendment violations by federal actors); *Carlson v. Green*, 446 U.S. 14, 19-23 (1980) (recognizing extension of *Bivens* to Eighth Amendment violations). Such claims filed by a prisoner must be dismissed if found to be frivolous. *See* 42 U.S.C. § 1997e(c)(1). Frivolous claims include those based on "fanciful factual allegation[s]," including "fantastic or delusional scenarios." *See Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (discussing "frivolous" claims subject to dismissal under *in forma pauperis* statute); *Jones v. Bock*, 549 U.S. 199, 214 (2007) (equating "frivolous" ground from *in forma pauperis* statute with same ground provided in 42 U.S.C. § 1997e(c)(1)).

Mr. Blake's wide-ranging allegations regarding implanted surveillance devices can only be said to stem from fantastic or delusional scenarios. Upon careful review, the undersigned finds that these claims as asserted by Mr. Blake are, and should be dismissed as, frivolous. *See* 42 U.S.C. § 1997e(c)(1).

*C. Other Claims*

Mr. Blake's remaining allegations appear to involve misunderstandings as to procedural rules. For instance, Mr. Blake should be advised that he is not, at this point, entitled to documents filed in Oklahoma federal courts related to any indictment allegedly being sought against him. If any such indictment were being pursued, Mr. Blake would

be given notice at the point in time when the indictment is placed at issue and would be permitted to respond to the indictment at that time. As to Mr. Blake's attempt to establish his current pleading as a "continuation" of a case he filed in the Northern District of West Virginia, Mr. Blake should be advised that such case has been dismissed and may not be revived in this Court.[4]

*D. Right to Amend*

With respect to the claims discussed in Sections C and D above, the undersigned recommends that the dismissal be with prejudice to refiling. Although a court "should freely give leave" for a party to amend its pleading "when justice so requires," refusing such leave generally is justified "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Fed. R. Civ. P. 15(a)(2); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Even upon construing Mr. Blake's pleading as broadly as possible, the undersigned can see no reasonable path whereby the allegations made by Mr. Blake could lead to a validly stated claim. Because amendment in this circumstance would be futile, leave to amend should not be granted.

---

[4] Mr. Blake's case in the United States District Court for the Northern District of West Virginia was dismissed without prejudice for failure to prosecute. *Blake v. Squires*, No. 2:13cv73 (N.D. W. Va. Dec. 16, 2013) (order of dismissal). Mr. Blake appealed that decision, but the appeal also was dismissed for failure to prosecute. *See Blake v. Squires*, No. 14-6041 (4th Cir. Apr. 11, 2014) (order).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be dismissed as follows:

1. To the extent Mr. Blake seeks relief under 28 U.S.C. § 2241, his claims should be dismissed without prejudice as moot; and

2. In all other respects, and to the extent Mr. Blake seeks relief under the Federal Tort Claims Act or through *Bivens*, his claims should be dismissed with prejudice as frivolous.

Further, to the extent Mr. Blake is requesting relief from procedural rules, such relief should be denied.[5]

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by June 19, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[5] Mr. Blake filed a motion for leave to proceed *in forma pauperis* (Doc. No. 2) that is deficient on its face. If the recommendation to dismiss this case is not adopted or the case otherwise proceeds, the undersigned will then address whether Mr. Blake should be granted pauper status.

This Report and Recommendation terminates the referral in the present case.

ENTERED this 29th day of May, 2014.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE